UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Gretchen E. Cooper;
Barbara M. Herold;
and Lisa E. Boutelle;

      Plaintiffs,

v.

Prince Abdul-Rahman bin Abdul-Aziz,
solely in his individual capacity;
and Mohamed A. Elbashir,
d/b/a Crown Prince Limousine;

      Defendants.

Case No. 12-cv-2422 (JNE/HB)
ORDER

      Plaintiffs Gretchen Cooper, Barbara Herold, and Lisa Boutelle were hired to serve as limousine drivers for Saudi Arabian citizens visiting Rochester, Minnesota. They allege that, shortly after being hired, they were fired expressly because they were women. Their complaint alleges violations of Title VII, 42 U.S.C. § 2000e-2, the Minnesota Human Rights Act (MHRA), Minn. Stat. § 363A.08, and Minnesota tort law. The matter is before the Court on Plaintiffs' motion for default judgment as to Defendants Prince Abdul-Rahman bin Abdul-Aziz and Mohamed A. Elbashir, d/b/a Crown Prince Limousine. For the reasons provided below, the motion is granted.

**BACKGROUND**

      The following facts are taken from the complaint. In October 2010, a group of Saudi Arabian nationals, led by Prince Abdul-Rahman, visited Rochester, Minnesota. At Prince Abdul-Rahman's direction, Elbashir, Premier Crescent Services, LLC, and Highland International Transportation Services, Inc., hired drivers to transport Prince Abdul-Rahman and his party. Elbashir, Premier, and Highland hired at least forty drivers. They provided the cars the drivers

used, required the drivers to wear uniforms, gave the drivers their assignments, and determined the hours the drivers worked. Elbashir issued the drivers' paychecks.

The three Plaintiffs were among the drivers hired. On October 1, 2010, Plaintiffs and the other drivers picked up the Saudi Arabian visitors from the airport and brought them to the Kahler Hotel in Rochester. A witness at the hotel heard an unidentified male tell Nabil Hanna, a representative of Premier, that Prince Abdul-Rahman's party wanted "no women drivers." When Cooper arrived at the hotel the next day, Elbashir told her to remove her belongings from the car. Cooper removed her things, and a male driver entered the car. After Cooper asked for an explanation, Hanna told her that they were letting her go because the party did not want women drivers. Hanna summoned Boutelle to his office and also told her they did not need her to drive because the party did not want women drivers. Hanna then told Herold that they did not need her because "the princesses did not want any women drivers." Boutelle and Herold were also replaced with male drivers.

## PROCEDURAL HISTORY

On September 19, 2012, Plaintiffs filed their complaint against Prince Abdul-Rahman, Elbashir, Premier, and Highland. The complaint alleges sex discrimination in violation of Title VII and the MHRA and tortious interference with contract.[1] On September 3, 2014, the clerk made an entry of default against Prince Abdul-Rahman and Elbashir for failure to plead or otherwise defend the action. In March of 2015, Plaintiffs settled their claims against the non-defaulting defendants, Premier and Highland, and stipulated to dismissal of those claims.

Plaintiffs moved for default judgment as to Prince Abdul-Rahman and Elbashir on April 29, 2015. The Court held a hearing on the motion on June 29, 2015. Though he had not made a

---

[1] Plaintiffs have since withdrawn the tort claim as to Elbashir.

formal appearance in the matter, Elbashir attended the hearing. Elbashir told the Court that he did not have an attorney because he could not afford one. The Court asked whether he would like to be referred to the Federal Bar Association's *Pro Se* Project, which could arrange to have an attorney represent him at no cost. Elbashir said he would. That same day, the Court referred Elbashir to the *Pro Se* Project. The project coordinator for the *Pro Se* Project promptly began attempting to contact Elbashir and apprising the Court of those efforts. Eventually, on July 23, the coordinator was able to speak with Elbashir. On August 18, the *Pro Se* Project notified the Court that attorneys from Faegre Baker Daniels LLP had accepted the referral and planned to consult with Elbashir. However, these attorneys also experienced difficulty contacting Elbashir. The Court pauses here to recognize the diligent work of the pro se coordinator and the public spiritedness of the Faegre attorneys.

The Court has been waiting since the June 29 hearing for Elbashir to secure representation. It seems Elbashir has been less than diligent in his efforts. To date, Elbashir has not formally appeared and no attorney has made an appearance on his behalf. This case has been in a state of suspended animation long enough. The Court will address the merits of the motion.

## DISCUSSION

Obtaining default judgment is a two-step process. First, where a defendant has failed to plead or defend, "the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Second, the moving party may then "apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2). Plaintiffs have satisfied the first step as to Prince Abdul-Rahman and Elbashir and now seek to complete the second step.

"Upon default, the factual allegations of a complaint (except those relating to the amount of damages) are taken as true, but it remains for the court to consider whether the unchallenged

facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." *Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010) (internal quotation marks omitted).

With respect to Elbashir, the allegations in the complaint support a cause of action for sex discrimination under Title VII and the MHRA. Title VII and the MHRA forbid employers and employment agencies from discharging or otherwise discriminating against individuals on the basis of their sex. 42 U.S.C. § 2000e-2(a),(b); Minn. Stat. § 363A.08, subds. 2, 3. Under Title VII, an employer is a "person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person." 42 U.S.C. § 2000e(b). An employment agency is "any person regularly undertaking with or without compensation to procure employees for an employer or to procure for employees opportunities to work for an employer and includes an agent of such a person." *Id.* at § 2000e(c). Under the MHRA, an employer is "a person who has one or more employees." Minn. Stat. § 336A.03, subd. 16. Employment agency under the MHRA has a similar meaning as it does under Title VII. *Id.* at subd. 17.

The complaint indicates that Elbashir was either an employer who hired at least 40 drivers, including Plaintiffs, or an employment agency who procured Plaintiffs' employment for others. The complaint is clear that Plaintiffs were discharged and replaced because of their sex. The allegations are sufficient to show that Elbashir, as either an employer or employment agency, is responsible for this violation of Title VII and the MHRA.[2] It is not for the Court to guess what defenses may have developed and been advanced had Elbashir appeared, conducted discovery, and filed briefs.

---

[2] Elbashir may have been a joint employer with some or all of the other Defendants. *See Scheidecker v. Arvig Enterprises, Inc.*, 122 F. Supp. 2d 1031, 1037–38 (D. Minn. 2000).

With respect to Prince Abdul-Rahman, the facts alleged are also sufficient to support a cause of action for sex discrimination. The complaint shows that Plaintiffs were hired "[a]t the direction of Prince Abdul-Rahman" and later discharged because Prince Abdul-Rahman decided he did not want women drivers. These allegations show that Prince Abdul-Rahman may have been an employer who impermissibly discharged his employees based on sex.

In the alternative, if Prince Abdul-Rahman was not an employer, the allegations support a tortious interference with contracts cause of action. To prevail on this claim, plaintiffs must show: (1) the existence of a contract; (2) the defendant knew about the contract; (3) intentional procurement of its breach; (4) without justification; and (5) damages. *Furlev Sales & Assocs., Inc. v. N. Am. Auto. Warehouse, Inc.,* 325 N.W.2d 20, 25 (Minn. 1982). Here, the complaint states that there were employment contracts with Plaintiffs, Prince Abdul-Rahman was aware of the contracts, he intentionally procured the breach of the contracts because he wanted no women drivers, and Plaintiffs were injured as a result. These allegations are sufficient for the purposes of Plaintiffs' default judgment motion.

The only remaining issue is the remedy. Plaintiffs have the burden of proving their uncertain damages. *American Red Cross v. Community of Blood Center of the Ozarks*, 257 F.3d 859, 864 (8th Cir. 2001). Plaintiffs have 21 days from the date of this Order to submit a memorandum, affidavits, and documentary evidence describing the amounts of money to which they believe they are entitled, including any costs and attorneys' fees owed. Plaintiffs must include in their submission the amounts they received as part of their settlements in this matter. Plaintiffs may file this settlement information under seal. Plaintiffs' submission shall also state any other relief they seek, including declaratory and injunctive relief. Defendants will have 14

days to respond to Plaintiffs' submission. If necessary, the Court will contact the parties to schedule a hearing.[3]

## CONCLUSION

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Plaintiffs' motion for default judgment [Docket No. 82] is GRANTED.

2. Plaintiffs shall file and serve their remedies submission within 21 days from the date of this Order. Plaintiffs' submission must include the amounts they received as part of settlements in this matter, which they can file under seal. Defendants Prince Abdul-Rahman and Elbashir may submit a response within 14 days from the date Plaintiffs file and serve their submission.

3. Plaintiffs' motion for an extension of time to file its brief [Docket No. 92] is DENIED as moot.

Dated: November 4, 2015

                                                    s/Joan N. Ericksen
                                                    JOAN N. ERICKSEN
                                                    United States District Judge

---

[3] *See Stephenson v. El-Batrawi*, 524 F.3d 907, 916 (8th Cir. 2008) ("The need for a hearing is within the sound discretion of the district court under Fed. R. Civ. P. 55(b)(2)(B).").