UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Gretchen E. Cooper;
Barbara M. Herold;
and Lisa E. Boutelle;

      Plaintiffs,

v.

Prince Abdul-Rahman bin Abdul-Aziz,
solely in his individual capacity;
and Mohamed A. Elbashir,
d/b/a Crown Prince Limousine;

      Defendants.

Case No. 12-cv-2422 (JNE/HB)
ORDER

      Plaintiffs Gretchen Cooper, Barbara Herold, and Lisa Boutelle were hired to serve as limousine drivers for Saudi Arabian citizens visiting Rochester, Minnesota. They allege they were fired expressly because they were women, in violation of Title VII, 42 U.S.C. § 2000e-2, the Minnesota Human Rights Act (MHRA), Minn. Stat. § 363A.08, and Minnesota tort law. On November 4, 2015, the Court granted Plaintiffs' motion for default judgment as to Defendants Prince Abdul-Rahman bin Abdul-Aziz and Mohamed A. Elbashir. The matter is now before the Court on Plaintiffs' motion for remedies relating to the defaulting Defendants.

      Plaintiffs seek compensatory damages for their wage loss under the MHRA. Minn. Stat. § 363A.29, subd. 4(a). Evidence shows that drivers for the visiting party earned $100 a day plus tips. Plaintiff Cooper had previously driven for a similar party and earned approximately $50 in tips per day. Deposition testimony and documents suggest some of the visiting party was in Rochester from October 1, 2010 until sometime in January 2011. Plaintiffs seek an actual wage loss award of $15,000 each, which is based on a per day wage of $100 plus a $50 tip over a

period of 100 days. Based on the evidence, the Court awards $15,000 in actual wage losses to each Plaintiff.

Under the MHRA, the Court may, in its discretion, multiply the actual damages by any number no less than one and no greater than three. *Id.*; *see also Phelps v. Commonwealth Land Title Ins. Co.*, 537 N.W.2d 271, 274 (Minn. 1995). Here, the Court finds that multiplication of Plaintiffs' wage loss damages is warranted to encourage enforcement of the MHRA. *See Mathieu v. Gopher News Co.*, 273 F.3d 769, 780 (8th Cir. 2001). The Court, in its discretion, doubles the damages for each Plaintiff from $15,000 to $30,000.

Each Plaintiff also requests $100,000 for mental anguish and suffering under the MHRA. Each Plaintiff has submitted a declaration describing the anguish caused by Defendants' actions. The amount requested is in line with emotional distress awards in other employment discrimination cases. *See, e.g., id.* at 782–83. The Court finds the amount fair, reasonable, and supported by the evidence. Accordingly, the Court awards $100,000 to each Plaintiff for mental anguish and suffering.

Plaintiffs also seek punitive damages. To recover punitive damages under Title VII, Plaintiffs must demonstrate that the defendants acted "with malice or with reckless indifference to the federally protected rights of an aggrieved individual." 42 U.S.C. § 1981a(b)(1). Under the MHRA, they must demonstrate "upon clear and convincing evidence that the acts of the defendant show deliberate disregard for the rights or safety of others." Minn. Stat. § 549.20, subd. 1. The Court finds that, while Defendants may have acted unlawfully, Plaintiffs have not shown that they acted with deliberate disregard or malice. Accordingly, the Court will not award punitive damages.

The Court will, however, award prejudgment interest and assess a civil penalty consistent with the terms of the MHRA and Title VII. The total amount of compensatory damages awarded to Plaintiffs will be reduced by the amount already received from settlement with other Defendants in this matter. Finally, to prevent similar discrimination if Prince Abdul-Rahman and Elbashir hire drivers in the future, the Court will order injunctive relief as requested.

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Plaintiffs' motion for default judgment as to remedies [Docket No. 104] is GRANTED.

2. Defendant Prince Abdul-Rahman and Defendant Elbashir are jointly and severally liable for:

    a. $30,000 in compensatory damages to each Plaintiff for a total of $90,000;
    b. $100,000 in damages for mental anguish and suffering to each Plaintiff for a total of $300,000; and
    c. prejudgment interest on the $15,000 in actual lost wages for each Plaintiff at 4% for five years, equaling $3,000 to each Plaintiff for a total of $9,000.

3. These amounts are subject to reduction for the amounts received in settlement. After the reduction, Defendants Prince Abdul-Rahman and Elbashir are jointly and severally liable for $120,997.56 to each Plaintiff, for a total of $362,992.68.

4. Defendants Prince Abdul-Rahman and Elbashir are each individually liable for a civil penalty under the MHRA of $1,000 per Plaintiff, for a total of $3,000, to be paid to the general fund of the State of Minnesota.

5. Defendants Prince Abdul-Rahman and Elbashir are barred from considering an employee's gender when hiring, firing, or assigning chauffeurs, regardless of whether a customer requests such consideration.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: January 28, 2016

>                                       s/Joan N. Ericksen
>                                       JOAN N. ERICKSEN
>                                       United States District Judge